IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD MANNING, #219956 | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | Civil No. L-07-1580 |
| | : | |
| WASHINGTON COUNTY HOSPITAL, | : | |
|    Defendants | : | |

o0o

**MEMORANDUM**

Pending is Donald Manning's ("Manning") pro se 42 U.S.C. § 1983 Complaint. For the reasons stated below, the Court will, by separate Order, dismiss the Complaint without requiring service of process on Defendant.

**I.   BACKGROUND**

Manning is a state prisoner. He complains that he was sent to Washington County Hospital for diagnostic test. He was diagnosed and treated for kidney stones. Manning states that the diagnosis was wrong. He states that he wishes to be compensated for the negligence and medical malpractice of the Washington County Hospital. Docket No. 1.

**II.   ANALYSIS**

Because he appears indigent Plaintiff has been granted leave to proceed in forma pauperis, pursuant to 28 U.S.C. §1915(a). Docket No. 7. Upon review of his Complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). See Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992); Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996); Nasim v. Warden, 64 F.3d 951, 955 (4th Cir. 1995).

Essential to sustaining an action under § 1983 are the presence of two elements. Specifically,

Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Because there is no allegation that the named Defendant, a private citizen, was acting under color of law, Plaintiff's complaint shall be dismissed. Additionally, Plaintiff's lawsuit constitutes, at most, a tort action in negligence. Such a claim does not constitute a constitutional or federal statutory violation, and thus cannot be brought in this Court pursuant to the Civil Rights Act. See Daniels v. Williams, 474 U.S. 327 (1986).

### III.    CONCLUSION

For the reasons stated herein, the Court will, by separate Order, dismiss Manning's Complaint. Manning is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

Dated this 23rd day of July, 2007.

/s/
Benson Everett Legg
Chief Judge